FROST and others *v.* CHASE.[1]

*(Circuit Court, D. Massachusetts. July 9, 1886.)*

1. PATENTS FOR INVENTIONS—NO. 141,926 CONSTRUED.
      Letters patent No. 141,926, of August 19, 1873, to Benjamin J. Greely, for improvements in suspenders, construed, and *held*, that if any invention is to be found in the patent, it is in the form of the pin, which is the subject-matter of the first claim.
2. SAME—INFRINGEMENT.
      The question whether there is any invention in the pin described in the Greely patent, in view of the state of the art, not decided, but *held*, that this patent is limited to the form of the pin described, and, when so limited, not infringed by the defendant's construction.

In Equity.
*Livermore & Fish*, for complainant.
*C. C. Morgan*, for defendant.

COLT, J. The defendant is charged with infringement of letters patent No. 141,926, dated August 19, 1873, and granted to Benjamin J. Greely, for improvements in suspenders. The specification states that the object of the invention is to furnish a suspender which can be readily attached to and detached from the waistband of skirts, and adapted to support as many skirts as are usually worn. The patented fastening consists of a transverse loop, through which the suspender runs, so as to allow its length to be adjusted as in an ordinary suspender; also a hook, suspended by its shank under the center of the loop, so as to insure the pull of the garment directly down on

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

the strap. The point of the pin is engaged in a catch, which holds it against the pull of the garment.

There are two claims in the patent: *First*, for the safety-pin; and, *second*, for the combination of the safety-pins with the suspender straps.

If any invention is to be found in the patent, it is in the form of the pin, which is the subject-matter of the first claim. Whether in view of the Stewart diaper-pin, patented August 16, 1870, and the Montleart and Tent pin, patented in England in 1863, there is any invention in the Greely pin, we do not deem it necessary to decide, because we are satisfied that these, and other prior devices, limit Greely to the form of pin described in his patent, and that the defendant does not infringe, because his pin is different. The Greely pin is formed of a single piece of wire. The exception in Fig. 5 of the patent is immaterial. The point of the pin is left exposed. The defendant's safety-pin consists of two pieces of wire connected by a metal plate. One piece of wire forms the loop through which the suspender strap passes, the other forms the pin to which the garment is attached, and both are hinged to the plate, thus producing a double joint in the fastening device, and so allowing the point of the pin to be thrown far outwards, so as easily to permit the attachment of additional skirts. A projecting piece on one side of the metal plate is bent over so as to form a shield completely covering the point of the pin. It is manifest that with such differences of construction between the two pins there can be no infringement. The combination of safety-pins with suspender straps is old. If there is any novelty, therefore, in the second claim, it lies in the shape of the pin. As we think, however, the defendant's pin differs in construction, it follows that the second claim is not infringed.

These conclusions render it unnecessary to consider the other points raised. Bill dismissed.